### BLACKWELL v. UNITED STATES. *

#### (Circuit Court of Appeals, Eighth Circuit. October 16, 1916.)

#### No. 4376.

1. INDIANS ⊚⟶38(5)—INDIAN COUNTRY—INTRODUCTION OF INTOXICATING LIQ-UORS—EVIDENCE.

In a prosecution under Act March 1, 1895, c. 145, 28 Stat. 693, for introducing from outside intoxicating liquors into that part of the state of Oklahoma which was formerly the Indian Territory, testimony as to what was defendant's business at the time of his arrest is admissible.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66; Dec. Dig. ⊚⟶38(5).]

2. CRIMINAL LAW ⊚⟶1043(2)—OBJECTIONS—REVIEW.

An objection that testimony was incompetent, irrelevant, and immaterial is insufficient basis for review on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2654; Dec. Dig. ⊚⟶1043(2).]

3. CRIMINAL LAW ⊚⟶1169(3)—APPEAL—HARMLESS ERROR.

In a prosecution under Act March 1, 1895, for introducing from outside intoxicating liquor into that part of the state of Oklahoma which was formerly the Indian Territory, where a witness testified that accused was engaged in hauling whisky at the time of his arrest, but on cross-examination stated that all he meant was that accused was engaged in hauling whisky the day he was caught, the admission of the testimony was not prejudicial; accused having admitted he was hauling whisky when caught.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3139; Dec. Dig. ⊚⟶1169(3).]

4. INDIANS ⊚⟶38(5)—INDIAN COUNTRY—INTRODUCTION OF INTOXICANTS—EVIDENCE—SUFFICIENCY.

In a prosecution under Act March 1, 1895, for introducing from outside intoxicating liquor into that part of the state of Oklahoma which was the Indian Territory, evidence *held* to warrant a conviction.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66; Dec. Dig. ⊚⟶38(5).]

In error to the District Court of the United States for the Eastern District of Oklahoma; Frank A. Youmans, Judge.

Louis Blackwell was convicted of introducing from outside intoxicating liquor, in violation of Act March 1, 1895, into that part of the state·of Oklahoma which was formerly the Indian Territory, and he brings error. Affirmed.

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied December 18, 1916.

James C. Denton, of Muskogee, Okl., for plaintiff in error.

Paul Pinson, Sp. Asst. U. S. Atty., of Atoka, Okl. (D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Blackwell was convicted of introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory. Act March 1, 1895, c. 145, 28 Stat. 693. But two grounds are urged for a reversal of the sentence:

[1-3] First. That the court erred in allowing Welch, a witness for the government, to answer a question as to what defendant's business was about the time of his arrest. He answered that defendant was engaged in hauling whisky. But the question was proper. Moreover, the objection was merely that it was incompetent, irrelevant, and immaterial. Finally, on cross-examination the witness testified that all he meant was that defendant was engaged in hauling whisky the day he was caught, and that was true, as defendant admitted.

[4] Second. It is contended that there was not sufficient evidence to convict. We think there was substantial evidence that defendant got the whisky described, 192 quarts and a five-gallon cask, at Coffeyville, Kan., instead of at South Coffeyville, Okl., and that therefore there was an introduction from outside the state, instead of a mere hauling within its borders. The jury were warranted in believing this from the facts and circumstances developed in the testimony of the government's witnesses, as against the claim of the defendant that he got the whisky at the hamlet of South Coffeyville.

The sentence is affirmed.